EVARISTO CASELLAS RAMOS, Plaintiff and Appellee, *v.* AMERICAN RAILROAD COMPANY OF PORTO RICO, Defendant and Appellant.

No. 5160.   Argued June 6, 1930.—Decided February 26, 1932.

*M. Acosta Velarde* for appellant.   *Dubón & Ochoteco* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The American Railroad Co. of Porto Rico, a corporation, appeals from a decision adjudging it to pay damages in the amount of $500 to the appellee herein for injuries sustained by him in a collision of trains belonging to the appellant, which occurred on December 16, 1928, while the appellee was traveling in one of them as a passenger.

The appellant states in its brief filed in support of this appeal that the only question put in issue by its answer to the complaint was whether plaintiff had suffered damages in the amount of $5,000 as alleged by him which is the sum claimed in the complaint.

The complaint was filed on December 19, 1928. According to a bill of particulars annexed thereto, the plaintiff

sustained several bruises in the facial and maxillary region, slight erosions in the left arm and forearm and a blunt wound, 3 centimeters long, in the left superciliary regions, and inflammation of the left eye lasting a month. Five months after the filing of the complaint and the day for the trial having been set, the defendant applied to the lower court, under section 7 of the Code of Civil Procedure, for an order directing the plaintiff to submit to a physical examination to be made by such physicians as the court might designate, regarding the bruises and other blows sustained by him. The court, however, denied this motion. At the trial the defendant reproduced the motion which was again denied. These two denials constitute the first two errors assigned for the appeal, the third assignment being that the trial court commited manifest error in awarding the plaintiff as damages the sum of $500 and in rendering a judgment of recovery for that amount.

In *Aponte* v. *District Court,* 38 P.R.R. 605, cited in *Vidal* v. *Ponce de León,* 39 P.R.R. 700, this Court held that a court can not order a plaintiff, in an action for damages for injury to his person to submit to a surgical examination by a physician, citing in support of its decision, among others, the case of *Union Pacific Railway Co.* v. *Botsford,* 141 U.S. 250. The appellant in its brief when dealing with this question tries to show that the decision in the *Aponte* case, *supra,* is erroneous.

Even if we entertained any doubt in favor of the contention made, it would be academic and of no avail to the appellant if we decided the question now and on such ground reversed the judgment and ordered a new trial, inasmuch as owing to the time elapsed since the appellee suffered the alleged slight bruises, all traces thereof must surely have disappeared and a reversal would serve no practical purpose; and because as regards the wound in the superciliary region of the left eye, the same was examined shortly after the accident by the defendant's physician and its minor surgeon.

Regarding the third error assigned, we will say that it appears from the evidence of the appellee that the physician

who treated him had to close with two surgical stitches a blunt wound reaching to the bone, in the left superciliary region, and that the plaintiff's face suffered the most because it was there that he received most of the blows, showing a bruise in the left cheek and jaw, an ecchymosis rather large in the precordial region and slight erosions and blows in the arms, requiring his treatment during a month, the witness's services being worth $200.

In view of the foregoing, we do not think that the lower court committed manifest error in adjudging the defendant to pay the sum assessed in the judgment, which must be affirmed.